United States District Court
Southern District of Texas
**ENTERED**
April 17, 2018
David J. Bradley, Clerk

| | |
|---|---|
| Brian Ortiz, § § § Plaintiff, § § versus § § Montgomery County, Texas, et al., § § Defendants. § | Civil Action H-16-3357 |

## Opinion on Dismissal

1. *Background.*

In January of 2013, Brian Ortiz was 25 years old. He worked at Bank of America and refereed sports in his spare time. Sometimes, he refereed games at schools in the Conroe Independent School District.

He started dating an 18-year-old high school student named Trey Trott. Ortiz learned that Trott had also dated Christopher Sutton, a school-district police sergeant who ran one of Trott's extracurricular programs. He reported the relationship between Trott and Sutton to the police. Sutton resigned and was arrested and charged with having an improper relationship between an educator and a student.[1]

On February 25, 2013, Ortiz was also arrested and charged with having an improper relationship between an educator and a student. The prosecutors dropped the charges on September 14, 2016.

The criminal statute addresses the behavior of "an employee of a . . . school." Ortiz says that he was not an employee of the school but an independent contractor, so he could not have been subject to the statute.

---

[1] Tex. Penal Code Ann. §21.12 (West 2017).

Sutton was convicted. He appealed, and the appellate court overturned his conviction because he worked for the school district, not the high school.[2] The Court of Criminal Appeals upheld the appellate court's decision.[3] That opinion was delivered on September 14, 2016.

Brett Ligon was the district attorney of Montgomery County, and Tiana Sanford and Phil Grant were assistant district attorneys. They prosecuted Ortiz.

Ligon, Sanford, Grant, and the county moved to dismiss Ortiz's complaint. Ortiz amended his complaint. He says that the prosecutors violated his constitutional rights[4] and maliciously prosecuted him. Ligon, Sanford, Grant, and the county responded to the amended complaint, renewing their motion. Ortiz has not plausibly pleaded his claims against the prosecutors.[5] This case will be dismissed.

2.  *Montgomery County.*

Ortiz decided that he did not want to pursue his claims against Montgomery County. The claims against it will be dismissed without prejudice.

3.  *Malicious Prosecution.*

Ortiz says that Ligon, Sanford, and Grant did not have probable cause to charge him with having an improper relationship with a student, because he was not an employee of the school or the school district – he was an independent contractor. According to him, the prosecutors learned that he was an independent contractor shortly after arresting him and should have dropped the charges then. At the time they charged him, whether an independent contractor

---

[2]*Sutton v. State*, 469 S.W.3d 607 (Tex. App.—Beaumont 2015, pet. granted), *aff'd*, 499 S.W.3d 434 (Tex. Crim. App. 2016).

[3]*State v. Sutton*, 499 S.W.3d 434 (Tex. Crim. App. 2016).

[4]42 U.S.C. §1983.

[5]*See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

would be considered an employee of a school was undecided. When the Court of Criminal Appeals upheld a narrow interpretation of the statute, the prosecutors promptly dismissed the charges.

Also, the prosecutors were not the only ones who concluded that they had probable cause. A magistrate judge in Montgomery County found probable cause to arrest Ortiz.

4. *Fourth Amendment.*

Ortiz claims that his arrest and confinement violated the Fourth Amendment, because they were without probable cause and the result of malicious prosecution. Ligon, Sanford, and Grant had probable cause to charge and arrest Ortiz.

He also complains of confinement in jail, bond conditions, and searches of his telephone and his person. They were incident to a lawful arrest.

5. *Due Process.*

Like his previous legal theories, Ortiz's due process claim comes from his prosecution. He again says that the charges against him and his confinement were without probable cause and were motivated by a desire for retaliation. The prosecutors had probable cause. Nothing suggests that they sought to retaliate against Ortiz.

6. *First Amendment.*

Ortiz alleges that Ligon, Sanford, and Grant prosecuted him, confined him in jail, and searched him as retaliation for his reporting Sutton's relationship with Trott. These allegations are conclusory. In support, he says that a police officer named William Harness told Trott's mother that Ortiz "would not get away with doing this to one of my sergeants." Harness is not a defendant; he is not a prosecutor. This is double hearsay – rank gossip.

Ortiz does not mention that the district attorney's office prosecuted Sutton, too. He was convicted. After his successful appeal, the prosecutors

appealed to the Court of Criminal Appeals, which affirmed the appellate court's decision.

Ortiz has not shown that Ligon, Sanford, and Grant had retaliatory motives or a connection to Sutton at all.

7. *Conclusion.*

The claims against Montgomery County are dismissed without prejudice. Because Brian Ortiz has not plausibly pleaded his claims against Brett Ligon, Tiana Sanford, and Phil Grant, this case will be dismissed with prejudice.

Signed on April 16, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge